# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY C KESTER d/b/a ARCHITECTS COLLECTIVE,<br><br>Plaintiff,<br><br>v.<br><br>MEYER HOLDINGS, LLC,<br>SPT ARCHITECTURE,<br>RON SPANGENBERG,<br>RANDY PHILLIPS,<br>GREG TICE,<br>REBECCA GATES,<br>GINA LOOMIS,<br>DAVE WELLS,<br><br>Defendants. | Case No. 24-CV-333-CDL |

## OPINION AND ORDER

Before the Court is the motion to dismiss (Doc. 41) filed on behalf of Ron Spangenberg, Randy Phillips, Greg Tice, Rebecca Gates, Gina Loomis, and Dave Wells (the "Individual Defendants"). The Court has also considered the response and reply briefs (Doc. 46, 47).

**I.      Background**

The following factual allegations are asserted in Plaintiff's First Amended Complaint (Doc. 18) and are taken as true for purposes of the Court's consideration of the dismissal motion. Defendant Meyer Holdings, LLC requested that Plaintiff draft professional plans and designs for the "Oakmont Apartments" project in Catoosa, Oklahoma. (*Id.* at 3). In furtherance of the project, Plaintiff and Meyer Holdings entered

into a contract in September, 2005. Pursuant to the contract, Plaintiff, who was the architect for the project, retained all copyright rights, interest, and ownership in the architectural plans and designs for the project. (*Id.*).[1] The project was completed in 2008. At no time thereafter did Meyer Holdings request Plaintiff's permission to use the architectural works in any other projects. (*Id.* at 4). In December 2023, about fifteen years after the project was completed, Plaintiff was informed that Meyer Holdings was seeking bids for construction of a project "Oakmont Apartments Phase II." (*Id.*).

Plaintiff alleges on information and belief that Meyer Holdings distributed copies of the Plaintiff's copyrighted architectural works to others, and SPT and the Individual Defendants – who comprise SPT – received copies of those copyrighted works. According to Plaintiff, the unauthorized distribution of the works allowed Defendants to create derivative architectural plans and drawings for Oakmont Apartments Phase II. (*Id.* at 4-5).

Based on the factual allegations, Plaintiff asserts claims against the Defendants for copyright infringement and unfair competition under the Lanham Act § 43(a). (*Id.* at 7-8). In alleging copyright infringement, Plaintiff claims that the Defendants violated his copyright by copying original elements of his work in creating plans and designs for the Oakmont Apartments Phase II project. In alleging unfair competition, Plaintiff contends that the Defendants falsely claimed ownership of his copyrighted architectural works or otherwise made misrepresentations likely to deceive consumers as to who originated that

---

[1] The First Amended Complaint indicates that a copy of the agreement is attached as Exhibit 1. However, no exhibits are attached to that complaint. There were attachments, including the referenced agreement, to the Plaintiff's original Complaint. (*See* Doc. 2-1).

work. (*Id.*). Plaintiff requests damages and injunctive relief prohibiting any continuing use of the copyrighted works. (*Id.* at 9-11).

The Individual Defendants now seek dismissal from this case pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's First Amended Complaint (Doc. 18) fails to state a claim against them for which relief can be granted. For the reasons set forth herein, the Court determines finds that the motion should be denied.

## II.     Dismissal Standard

To survive dismissal, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether plaintiff has stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint must provide "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard requires "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

The Court must accept all the well-pleaded factual allegations of the First Amended Complaint as true, even if doubtful, and must construe the allegations in the light most favorable to Plaintiff. *See Twombly*, 550 U.S. at 555. The dismissal standard does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to

3

relief above the speculative level." *Id*. at 555-56, 570 (citations omitted). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]. And, of course, a well-pleaded [pleading] may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556.

### III.  Discussion

The Individual Defendants present two arguments for dismissal. First, they contend that Plaintiff's claims are barred by OKLA. STAT. tit. 12 § 682(C), which prohibits suits against limited liability company members for their organization's debts and liabilities, absent an unsatisfied judgment. Second, they argue that the First Amended Complaint fails to allege sufficient facts as to any of them to state a claim pursuant to Rule 12(b)(6).

### A.  Oklahoma Limited Liability Statute

In their Motion, the Individual Defendants rely on the following statute to dispose of the claims against them:

> B.  No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation, not within the scope of their role as an officer, director or shareholder, arising out of or in connection with their direct involvement in the same or related transaction or occurrence.
>
> C.  Members and managers of limited liability companies shall be afforded the same substantive and procedural protection from suits and

4

> claims as the protections provided to officers, directors and shareholders of a corporation as set forth in subsection B of this section.

OKLA. STAT. tit. 12 § 682 (B)–(C).

The parties contest whether SPT should be treated as a partnership or a limited liability company for purposes of the dismissal motion given the contested applicability of Oklahoma law pertaining to limited liability companies. In their briefing, the Individual Defendants focus on (1) whether SPT should be treated as a partnership, and thus outside the statute's applicability, as the Plaintiff initially pleaded "acting in good faith," (Doc. 46 at 4), and (2) whether the Individual Defendants' alleged misconduct was "outside the scope of their role[s] as [members]" so as to fall outside the prohibition of the Oklahoma statute. (*Id*. at 5).

The Court first notes that Plaintiff alleges in the First Amended Complaint that SPT is a Kansas partnership. (Doc. 18 at 1). Ordinarily, the factual allegations of a plaintiff's pleading are taken as true at the dismissal stage. In the response brief, the Plaintiff accurately notes that the Individual Defendants had not submitted evidence with their motion to establish that the First Amended Complaint inaccurately identifies SPT's entity status. (Doc. 46 at 4).

Even if SPT is treated as a Kansas limited liability company as it claims to be, the Individual Defendants have not made a sufficient showing that OKLA. STAT. tit. 12 § 682 applies to the case at bar. The Individual Defendants advance the Oklahoma statute to determine the effect of their limited liability, but they maintain that they are a Kansas LLC. Under Oklahoma choice of law rules, "[t]he laws of the state or other jurisdiction under

which a foreign limited liability company is organized shall govern its organization and internal affairs and the liability of its managers and members." OKLA. STAT. tit. 18 § 2042.[2] Because they assert that they are members of a Kansas LLC, Oklahoma choice of law rules indicate that the Individual Defendants' liability is determined not by Oklahoma law, but by Kansas law, which they have failed to argue in their Motion. Accordingly, the Court declines to apply the Oklahoma statute without further factual and legal information.

Even had the Individual Defendants established the applicability of OKLA. STAT. tit. 12 § 682, it is also unclear to what extent a federal court exercising jurisdiction solely under 28 U.S.C. § 1331 must apply the state statute. *See Bill G. Perry Fam. Design, Inc. v. Mashburn Faires Homes, L.L.C.*, No. CIV–15–270–R, 2015 WL 4042180 at *2 (W.D. Okla. 2015) (unpublished) ("Defendants cite to no law that would permit them to avoid liability on Plaintiffs' federal claims under a theory based solely in state law when federal courts have routinely extended coverage to such persons.") (citing the same Oklahoma statute in defense to similar claims). In some courts, copyright infringement claims have been permitted against LLC members for their own allegedly infringing actions even when those actions were allegedly performed while they were members of the LLC. *See, e.g.*, *Mashburn*, 2015 WL 4042180 at *2 (copyright infringement suit by architect against LLC and members for reusing single use designs without authorization); *Oliver v. Johanson*, 357 F. Supp. 3d 758 (W.D. Ark. 2018) (suit against LLC and members by computer

---

[2] As a federal court sitting in diversity, the Court applies the choice of law rules of the forum state, Oklahoma. *Allstate Ins. Co. v. Covalt*, 321 Fed. Appx. 717, 720 (10th Cir. 2009).

programmer for use of software made during programmer's employment); *MOB Music Pub. v. Zanzibar on the Waterfront, LLC*, 698 F. Supp. 2d 197 (D.D.C. 2010) (concerning suit against LLC and managing member by music publisher for unauthorized performances at a restaurant). The Individual Defendants have not supplied legal authority to the contrary.

The Individual Defendants have not established at the pleading stage entitlement to a determination of limited liability. Such issues may be re-presented at the summary judgment stage if supported by proper evidence and citation to legal authority. Lacking such evidence and authority at this point, the Individual Defendants' first argument does not support dismissal.

> **B.　The First Amended Complaint Contains Sufficient Factual Allegations to State Copyright and Lanham Act Claims Against the Individual Defendants.**

Plaintiff has asserted two claims against Defendants: copyright infringement under 17 U.S.C. § 101 and unfair competition under the Lanham Act. In making their arguments premised on post-*Twombly* pleading standards, the Individual Defendants do not refer to the elements of either Plaintiff's copyright or Lanham Act claims or explain how Plaintiff has failed to allege any particular element of those claims. Rather, the Individual Defendants make a wholesale contention in reference to either claim that "Architects Collective has failed to specify *why* Spangenberg, Phillips, Tice, Gates, Loomis, and Wells should be held *individually* responsible." (Doc. 41 at 7). The Individual Defendants claim Plaintiff's factual allegations against them are constrained to their alleged receipt and possession of Plaintiff's copyrighted works, and that these facts do not add up to a sufficient claim for copyright or unfair competition. (*Id*. at 8). Apart from discussion of an alleged

7

demand letter that the Court finds immaterial to ruling at the pleading stage, Individual Defendants offer little further substantive argument in support of their contention that the Plaintiff has failed to satisfy federal notice pleading standards.

### 1.     Copyright Infringement

Copyright infringement claims consist of two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *La Resolana Architects*, 555 F.3d 1171, 1177 (10th Cir. 2009) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). A plaintiff can prove the second element "by establishing that Defendants had access to the copyrighted work and that there are probative similarities between the copyrighted material and the allegedly copied material." *Id*. (quoting *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280 (10th Cir. 1996)). A defendant can infringe contributorily "by intentionally inducing or encouraging direct infringement" and may infringe vicariously "by profiting from direct infringement while declining to exercise a right to stop or limit it." *Id.* (quoting *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930–31 (2005)). A defendant can infringe vicariously by "enjoy[ing] a direct financial benefit from *another's* infringing activity and [having] the right and ability to supervise the infringing activity." *Id.* (quoting *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 889 (6th Cir. 2004)).

Plaintiff has sufficiently alleged the elements of copyright infringement: he claims to hold a valid copyright, (Doc. 18 at 3, 4), and he has alleged that SPT copied original elements of his copyrighted work in creating new plans and designs (*id*. at 4, 5). Plaintiff has sufficiently alleged this copying against the Individual Defendants by contending that

they each had access to Plaintiff's original work and that they provided a derivative work—which would necessarily bear probative similarities to the original—to Meyer Holdings. (*Id*. at 4). Plaintiff has further alleged sufficient facts to establish vicarious liability over the Individual Defendants: he has alleged that SPT was hired to create the derivative works by Meyer Holdings and that the Individual Defendants are the owners or managers of SPT—that is, individuals with a right and ability to supervise the drafting of the derivative works. (*Id*. at 2). As such, Plaintiff has alleged sufficient factual information to assert a claim of copyright infringement against the Individual Defendants.

### 2. Unfair Competition

To state a claim for relief under § 43(a) of the Lanham Act, a plaintiff must allege facts that satisfy the following elements:

> (1) that the defendant made material false or misleading representations of fact in connection with the . . . promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff.

*La Resolana Architects*, 555 F.3d at 1182 (quoting *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1140 (10th Cir. 2006)). In determining whether a representation of fact carries a likelihood of confusion, courts examine several non-exhaustive factors such as "evidence of actual confusion," "the degree of similarity between the competing marks," and the "the intent of the alleged infringer in adopting the contested mark." *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1143 (10th Cir. 2013).

Plaintiff alleges that Defendants, "by their use of copies of the subject copyrighted Architectural Works and false claims of ownership of the subject copyrighted Architectural Works, are falsely describing or designating the origin and author of the subject copyrighted Architectural Works." (Doc. 18 at 8). Plaintiff further asserts that such use results in potential deception, "false attributions of authorship, false or misleading descriptions of fact with respect to goods or services." (*Id.*). While these allegations are fairly lean at this stage, the Individual Defendants did not establish that the facts are deficient to plausibly satisfy the elements.[3] Plaintiff has stated sufficient factual allegations at the pleading stage for the Lanham Act claims to proceed against the Individual Defendants. Of course, following discovery and upon evidentiary materials and appropriate citation to legal authority, the Defendants may re-present their arguments about the sufficiency of Plaintiff's claims at the summary judgment stage.

## IV.  Conclusion

Based on the above analysis, the Motion is **denied**.

IT IS SO ORDERED this 31st day of March, 2025.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge

---

[3]  Plaintiff mistakenly indicates that an "example of at least one known instance of derivative works" was attached as Exhibit 3 to the First Amended Complaint (when it is not). However, Exhibit 3 to the original Complaint (Doc. 2-3) does include what Plaintiff claims to be derivative drawings, some of which are labeled "SPT Architecture," which could plausibly give rise to confusion as to the alleged original source of such plans and injury to the Plaintiff.